UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DALE EASTERWOOD, STEPHANIE
LAYNE-CAMERON, SHAMEKA PLATTE
ORLANDO RIVERA, AND SHANNON
SMITH, On behalf of himself and others
similarly situated

    Plaintiff,

v.

SEDGWICK CLAIMS MANAGEMENT
SERVICES INC., a Foreign for Profit Corporation,

    Defendant.
_____/

CASE NO.:

FLSA COLLECTIVE ACTION

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COME NOW Plaintiffs, DALE EASTERWOOD, STEPHANIE LAYNE-CAMERON, SHAMEKA PLATTE, ORLANDO RIVERA, AND SHANNON SMITH ("Plaintiffs"), on behalf of themselves, and other similarly situated employees, by and through their undersigned counsel, and sue Defendant, SEDGWICK CLAIMS MANAGEMENT SERVICES INC. ("Defendant" or "Sedgwick"), and in support state as follows:

**Jurisdiction and Venue**

1. This is an action for damages by Plaintiffs, on behalf of themselves and other similarly situated employees, against their employer and/or former employer for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has jurisdiction over Plaintiffs' FLSA claims, pursuant to, 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to Rule 1.02(c) of the Local Rules of the Middle District of Florida. Venue is proper in this District because a substantial part of the

events and omissions giving rise to the claims occurred in this District. At all times material to Plaintiffs' claims, Defendant has conducted substantial, continuous, and systematic commercial activities in this District.

**Parties and Factual Allegations**

3. This is an action for violations of the FLSA brought by Plaintiffs, and on behalf of, current and former employees of Defendant, as well as other similarly situated employees.

4. Plaintiff, DALE EASTERWOOD was been employed by Defendant from on or around November 28, 2016, through December 14, 2018, was paid a salary, and processed disability claims during the relevant period for this instant action.

5. Plaintiff, STEPHANIE LAYNE-CAMERON has been employed by Defendant from on or around March 13, 2017, through the present, was paid a salary, and processed disability claims during the relevant period for this instant action.

6. Plaintiff, SHAMEKA PLATTE has been employed by Defendant from on or around March 17, 2017, through the present, was paid a salary, and processed disability claims during the relevant period for this instant action.

7. Plaintiff, ORLANDO RIVERA has been employed by Defendant from on or around November, 2016, through the present, was paid a salary, and processed disability claims during the relevant period for this instant action.

8. Plaintiff, SHANNON SMITH has been employed by Defendant from on or around February 28, 2017, through the present, and processed disability claims during the relevant period for this instant action.

9. Plaintiffs are and/or were employees of Defendant as defined by 29 U.S.C. § 203(e).

10. Plaintiffs were not exempt under any exemption pursuant to 29 U.S.C. § 213.

11. Defendant, SEDGWICK CLAIMS MANAGEMENT SERVICES INC., is a Foreign for Profit Corporation, operating a business located, among other locations, in Orange and Seminole Counties, Florida. Defendant also operates businesses that employ the Covered Employees in other states which include, but are not limited to, Arizona, Arkansas, California, Connecticut, Georgia, Hawaii, Illinois, Indiana, Kansas, Minnesota, Missouri, Nevada, New York, North Carolina, Ohio, Pennsylvania, Tennessee, Texas, Utah, and West Virginia.

12. Defendant is an enterprise engaged in interstate commerce with annual gross business of $500,000.00 or more.

13. Defendant was an employer of Plaintiffs as defined by 29 U.S.C. § 203(d).

14. As used in this pleading, the term "Class" and "Covered positions" refers to all current, former, and future salaried employees who process and/or processed disability claims, and/or any employee who performed substantially the same work as Plaintiffs; and who was and/or is employed during the relevant time for this instant action, including any time during which the statute of limitation was or may have been tolled or suspended.

15. At all relevant times Defendant directly, or through its agents or other persons, employed Plaintiffs and/or other Covered Employees, and exercised control over the wages, hours, and working conditions of Plaintiffs and other Covered Employees.

16. On a frequent basis throughout Plaintiffs' employment with Defendant, Plaintiffs worked in excess of forty (40) hours per week, but were not compensated for all hours worked in excess of forty (40) hours at a rate not less than one-and-one-half times their regular rate of pay.

17. At all relevant times Plaintiffs worked in excess of forty (40) hours per week, Defendant was aware of, and suffered or permitted the same.

18. Defendant employs hundreds and/or thousands of similarly situated employees throughout the United States now and during all relevant time periods.

19. Other employees who worked for Defendant throughout the United States, and who are members of the class as defined herein were subjected to the same and/or similar policies and practices, and have sustained similar losses of compensation.

20. At all relevant times Plaintiffs and Covered Employees are, and have been, similarly situated. Plaintiffs had substantially similar job requirements and pay provisions, and have been subjected to Defendant's common policies, programs, practices, procedures, protocols, routines, and rules, including (1) willfully failing and refusing to pay them at the legally required one-and-one-half rate for work in excess of forty (40) hours per week; (2) willfully and inaccurately misclassifying them as exempt from overtime pay, even though Defendant was aware that the Plaintiffs were non-exempt and entitled to overtime pay; and, (3) willfully failing to keep records required by the FLSA. The claims of Plaintiffs stated herein are essentially the same as those of the other potential plaintiffs.

21. Plaintiffs sustained damages from Defendant's failure to pay overtime compensation.

22. Plaintiffs retained LYTLE & BARSZCZ to represent them in this matter and has agreed to pay said firm attorneys' fees and costs for its services.

### COUNT I
### Violation of the Overtime Provisions
### of the Fair Labor Standards Act

23. Plaintiffs repeat and incorporates by reference each and every allegation set forth in Paragraphs 1 through 22 above, as if fully set forth herein.

24. Plaintiffs are and/or were employees of Defendant as defined by 29 U.S.C. § 203(e).

25. Plaintiffs are not and/or were not exempt under any exemption pursuant to 29 U.S.C. § 213.

26. Defendant is and/or was an employer of Plaintiffs as defined by 29 U.S.C. § 203(d).

27. Defendant is an enterprise engaged in interstate commerce with annual gross business of $500,000.00 or more.

28. During the relevant statutory period, Plaintiffs and other similarly situated employees regularly worked in excess of forty (40) hours per week.

29. Defendant failed to pay Plaintiffs the required overtime rate, one-and-one-half times their regular rate, for all hours worked in excess of forty (40) hours per week.

30. Defendant willfully failed to keep proper records of all hours worked by Plaintiffs as required by 29 U.S.C. § 211(c), even though Plaintiffs are and/or were entitled to overtime compensation.

31. Defendant's failure to pay the required overtime rate was willful and/or the result of a common policy or plan that Plaintiffs and all similarly situated employees were subjected to, which resulted in Plaintiffs and similarly situated employees not being paid one-and-one-half times their regular rate for all hours worked in excess of forty (40) hours per week.

32. Due to Defendant's willful violation of the FLSA a three (3) year statute of limitation applies.

33. As a result of Defendant's violations of the FLSA, Plaintiffs and other similarly situated employees have suffered damages.

34. Plaintiffs retained LYTLE & BARSZCZ to represent them in this matter, and have agreed to pay said firm attorneys' fees for its services.

WHEREFORE Plaintiffs, on behalf of themselves and other similarly situated employees, demand judgment against Defendant for the following:

A. Certification of this action as a collective action brought pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as representatives of the FLSA Collective Action;

C. That the Plaintiffs be allowed to give notice of this collective action, or that this Court issue such notice at the earliest possible time; to all past and present similarly situated employees employed by Defendant at any time during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice;

D. That all past and present members of the Class be informed of the nature of this collective action, and similarly situated employee's right to join this lawsuit if they believe that they were or are misclassified as an exempt employee;

E. Equitable tolling of the statute of limitations for all potential opt in Plaintiffs from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. § 216(b);

F. That the Court enjoin Defendant pursuant to 29 U.S.C. § 217 of the FLSA from withholding future payment of overtime compensation owed to members of the Class;

G. Unpaid overtime proven to be due and owing;

H. An additional amount equal to unpaid overtime proven to be due and owing in liquidated damages;

I. Pre- and post-judgment interest as allowed by law;

J. Attorneys' fees and costs; and

K. Such other relief as the Court finds just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted this 12th day of April, 2019.

/s/ *Mary E. Lytle*
**Mary E. Lytle, Esq.**
Florida Bar No. 0007950
**David V. Barszcz, Esq.**
Florida Bar No. 0750581
**LYTLE & BARSZCZ, P.A.**
543 N. Wymore Road, Ste. 103
Maitland, Florida 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
mlytle@lblaw.attorney
dbarszcz@lblaw.attorney
**Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 12, 2019, the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system.

/s/ *Mary E. Lytle*
**Counsel for Plaintiff**