UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DALE EASTERWOOD, STEPHANIE
LAYNE-CAMERON, SHAMEKA PLATTE
ORLANDO RIVERA, SHANNON
SMITH, EVANGELA BROOKS, MARIA
RAMOS and IVORY WRIGHT
On behalf of themselves and others
similarly situated

        CASE NO.: 6:19-cv-00700-WWB-LRH

    Plaintiffs,

        FLSA COLLECTIVE ACTION

v.

SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC., a Foreign for Profit Corporation,

    Defendant.
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiffs, DALE EASTERWOOD, STEPHANIE LAYNE-CAMERON, SHAMEKA PLATTE, ORLANDO RIVERA, SHANNON SMITH, EVANGELA BROOKS, MARIA RAMOS and IVORY WRIGHT ("Representative Plaintiffs") and Defendant, SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. ("Defendant"), by and through their respective undersigned counsel, jointly move the Court to approve the settlement reached by the parties in this suit instituted under the Fair Labor Standards Act and in support thereof, state:

1

1. The initial Complaint in this action was filed on April 12, 2019. (Doc. 1). The Amended Complaint was filed on June 2, 2020. (Doc. 123). In both Plaintiffs' initial Complaint and Amended Complaint, Plaintiffs alleged unpaid overtime compensation was due to them, and those similarly situated, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq*. ("FLSA").

2. The parties jointly moved for conditional certification of this case as a collective action and on June 26, 2020, the motion was granted. (Doc. 128). This Court appointed the Representative Plaintiffs to act on behalf of the class. (Id.).

3. Various "Consent to Join" forms (hereinafter, "Opt-In forms") were filed with the Court.[1]

4. During the litigation spanning over two years, the parties vigorously litigated and negotiated this action culminating in a settlement, deemed by the parties to be fair and equitable.

5. Given that Defendant and the Representative Plaintiffs have successfully come to an agreement to resolve this case, they now seek approval of the settlement from the Court. A copy of the Settlement Agreement between the parties is attached as Exhibit "1." Attached to the Settlement Agreement are three different exhibits. The

---

[1] Five Consents to Join were subsequently withdrawn (Doc. 318-322), and the Parties agree that the individuals who filed and then withdrew Consents to Join (Adam Ellingson, Jennifer Albada, Mark Turner, Patricia Clay, and Ron McDonald) are not parties to this action and will not be covered by the settlement. To the extent any further action is necessary, the Parties request that the Court confirm that these five individuals' claims have been dismissed.

first, Exhibit A is a Notice of Settlement of Lawsuit notifying the Representative Plaintiffs and Opt-In Plaintiffs of the settlement of this lawsuit and their rights. Exhibit B is the breakdown of the amounts to be paid to the Representative Plaintiffs and Opt-In Plaintiffs. Exhibit C is the Release of Claims Form that Representative Plaintiffs and Opt-In Plaintiffs will be required to sign to receive payment under the terms of the Settlement Agreement.

6. The settlement provides that Defendant will pay the following amounts in consideration for the release of Plaintiffs' claims and dismissal of the case with prejudice: (1) up to $5,600,000.00 (the "Payment Amount") will be paid to the Representative Plaintiffs and Opt-In Plaintiffs as specified in Exhibit B to the Settlement Agreement, if they timely sign and timely return the Release of Claims Form within the timeframe required by the Settlement Agreement;[2] (2) $2,400,000.00 will be paid in attorney's fees and in costs by Defendant to Plaintiffs' counsel; and, (3) an additional $2,500.00 will be paid to each of the eight (8) Representative Plaintiffs as incentive payments.

7. In exchange for all payments made under the terms of the Settlement Agreement and Release, Plaintiffs who return release forms agree to release Defendant from their claims under the Fair Labor Standards Act for the period from three (3)

---

[2] Any amount allocated to Plaintiffs that do not timely return an executed release form may not be paid by Defendant.

years period prior to the filing of the Complaint through March 30, 2021, , including any claims for liquidated damages, interest, attorney's fees, or costs in this case, *except* for any claims any Representative Plaintiffs or Opt-In Plaintiffs had asserted as a Representative Plaintiff or Opt-In Plaintiff in another pending case as of May 12, 2021.

8. For any Plaintiffs who do not return release forms, no payment shall issue and no claims shall be released. Pursuant to the Settlement Agreement, Defendant retains the right to nullify the Agreement if either (a) fifteen (15) or more Representative Plaintiffs and Opt-In Plaintiffs (combined) fail to timely sign and return Release Forms; or (b) the Representative Plaintiffs and Opt-In Plaintiffs (combined) who fail to timely sign and return Release Forms represent more than fifteen percent (15%) of the Payment Amount. In the event Defendant nullifies the Agreement due to participation, it is agreed in the Settlement Agreement that the parties will return to their same positions in the lawsuit without prejudice to either party. Hence, as requested herein, the parties ask that the Court retain jurisdiction for the time period during which the Notice of Settlement Forms are sent, Release Forms are received, and the Settlement payment is made, a period of time the Parties estimate will not exceed one hundred forty (140) days. The parties agree to immediately notify the Court once all terms hereunder are met by filing a Joint Motion for Dismissal with Prejudice as set forth in paragraph twelve (12) below.

9. As described more fully below, the Defendant and Representative Plaintiffs agree this is a fair and reasonable settlement of a bona fide dispute as to all Plaintiffs' unpaid overtime claims under the Fair Labor Standards Act as settled pursuant to the Parties' Settlement Agreement.

10. The parties are submitting this Motion and the Settlement Agreement and Release to the Court for a determination that there has been a "fair and reasonable resolution of a bona fide dispute," with respect to Plaintiffs' overtime claims under the Fair Labor Standards Act for the three (3) year period prior to the filing of the Complaint through March 30, 2021, *except* for any claims any Representative Plaintiffs or Opt-In Plaintiffs had asserted as a Representative Plaintiff or Opt-In Plaintiff in another pending case as of May 12, 2021.

11. The Parties request that, upon a finding that the Settlement Agreement is fair, the Court issue an Order dismissing the case without prejudice and retaining jurisdiction for entry of a final order of dismissal, with prejudice, as noted below.

12. Upon completion of the notice, release and payment provisions of the settlement, the Parties will file a Joint Motion for Dismissal, with prejudice, of the claims of those Representative Plaintiffs and Opt-In Plaintiffs who have signed and timely returned release forms. The parties will submit a proposed order for dismissal with prejudice of those individuals, listing the Representative Plaintiffs and Opt-In Plaintiffs that have released their claims.

13. Finally, the Parties request that the Court retain jurisdiction for enforcement of the Settlement Agreement.

## MEMORANDUM OF LAW

**Standard of Review.**

This action arises under the FLSA. In *Lynn's Foods Stores, Inc. v. U.S. Department of Labor*, the Court held that when an employee brings "a private action for back wages . . . and present[s] to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." 679 F.2d 1352 (11th Circ. 1982).

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1355. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

There is a "'strong presumption' in favor of finding a settlement fair." *Hamilton v. Frito-Lay, Inc.*, 2007 U.S. Dist. LEXIS 10287, at *4 (M.D. Fla. Jan. 8, 2007) *citing Cotton v. Hinton.* 559 F.2d 1326, 1331 (5th Cir. 1977). In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of fraud or collusion behind the settlement:
> (2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits:
(5) the range of possible recovery; and
(6) the opinions of the counsel.

*Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).

### There Is A Bona Fide Dispute As To Plaintiffs' FLSA Claims and All of the Relevant Criteria Support Final Approval of the Settlement.

In *Dees v. Hydradry, Inc.*, the Court first analyzed "internal factors" to determine if a compromise of an overtime claim was fair to the employee and required the parties seeking approval of the compromise to describe the nature of the dispute including the employer's reasons for disputing the employee's right to compensation and the employee's reasons for believing the disputed wages were due. 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

In this case, Plaintiffs asserted claims for unpaid overtime under the FLSA. Defendant contends, and Plaintiffs deny, that Plaintiffs were employed in a bona fide administrative capacity and were, therefore, exempt employees under the FLSA pursuant to 29 U.S.C. § 213(a)(1) and 29 C.F.R. § 541.200, et seq. There is bona fide dispute as to whether the Administrative Exemption applies to Plaintiffs. These issues were vigorously contested between the parties giving rise to litigation spanning over two years.

During the relevant time period, Plaintiffs were not required to track the number of hours they worked, nor did Defendant track their hours with a timekeeping

system, and therefore Plaintiffs had to estimate the number of hours worked during their employment, relying on their memories and inferences drawn from data produced by Defendant, such as the times they logged on and off of Defendant's phone and computer systems. Defendant disputed Plaintiffs' estimates, pointing to discrepancies in the number of hours claimed and drawing the opposite inferences from the electronic data available. As such, there was a clear dispute between the parties concerning the actual number of hours worked by the allegedly misclassified Plaintiffs. During settlement negotiations, which included a full-day mediation with Hon. Judge Diane Welsh, Ret. and extensive informal settlement negotiations, Representative Plaintiffs and Defendant spent numerous hours to come to a fair and equitable settlement that took into account the large divide between Plaintiffs' position and Defendant's position as to the likelihood of success on the merits and Plaintiffs' hours worked, as well as other highly contested issues such as the applicable statute of limitations based upon allegations of willfulness and the separate issue of liquidated damages.

After carefully and thoroughly considering the above information, Defendant and Representative Plaintiffs agreed to compromise the FLSA claims of all Plaintiffs based upon a number of factors pertaining to these issues. In the course of extensive settlement negotiations, Defendant and Plaintiffs utilized their respective analyses to come to an agreeable, fair and equitable settlement amount. As a result, the settlement

was a compromise between Plaintiffs' calculations and Defendant's calculations. The parties negotiated through a mediation and extensive informal settlement discussions to come to an agreeable and equitable compromise between the parties' positions.

In addition, Plaintiffs' Counsel also developed a distribution of the settlement amount, using certain factors to calculate the pro-rata distribution of the settlement proceeds amongst the Plaintiffs. In this regard, the following factors were utilized: (i) Plaintiffs' Counsel's estimate of the number of weeks a Plaintiff worked in a particular job during the relevant time period based upon discovery in the case; (ii) Plaintiffs' Counsel's estimate of the number of weeks worked by a Plaintiff during the class time period based upon discovery in the case; (iii) when a Plaintiff opted into the lawsuit; (iv) Plaintiffs' Counsel's estimate of the particular Plaintiff's rate of pay based upon discovery in the case; (v) the type of position held by each Plaintiff; (vi) the estimate of hours a Plaintiff worked in any given work week based upon Plaintiffs' estimate of hours as well as discovery in the case; and, other factors related to the legal risks associated with continued litigation and trial. The amount paid to the Representative Plaintiffs and Opt-In Plaintiffs pursuant to the pro-rata distribution is captured in Exhibit B to the Settlement Agreement. Pursuant to the Settlement Agreement authorized by the Representative Plaintiffs, the payment amounts the Representative Plaintiffs and Opt-In Plaintiffs will receive, if they sign and return releases, range from $110.10 to $119,540.18, and were based upon a variety of factors detailed above,

including the risks of continuing to litigate.

In evaluating a compromise, the Court should also consider an array of "external" or contextual factors pertinent to the statutory purpose of the FLSA. *Dees,* 706 F. Supp. 2d at 1243-1244. Compromise may be permissible if, for example, the FLSA issue in a case is unresolvedly close on the facts or the law. *Id.* at 1244. Here, the parties agree that there is a bona fide dispute as to whether Plaintiffs were exempt employees that cannot readily be resolved based on the facts of the case or the law.

Turning to the specific factors set forth in *Leverso*, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, 2006 U.S. Dist. LEXIS 92994, *11-12 (M.D. Fla. Dec. 21, 2006). Here, each party was independently represented by counsel. Plaintiffs were represented by Lytle & Barszcz and Defendant was represented by WILSON TURNER KOSMO LLP and SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO LLP. Each attorney has extensive experience in litigating claims under the Fair Labor Standards Act, including claims for unpaid overtime compensation. Each counsel was obligated to and did vigorously represent their respective clients' interests.

The complexity, expense, and length of continuing this litigation also militate in favor of this settlement. Plaintiffs and Defendant continue to strongly disagree over the merits of the claims asserted by Plaintiffs. As noted above, Plaintiffs contend

Defendant misclassified Plaintiffs as exempt, and did not pay them overtime compensation to which they were entitled. Defendant maintains that Plaintiffs were properly classified and were paid all wages owed. If the parties continued to litigate this matter, they would be forced to engage in a costly and lengthy trial. Thus, an ultimate resolution for each Representative Plaintiff and Opt-In Plaintiff could involve trial time anywhere from two weeks to a month or more including the damages phase. Nor is there any guarantee that Plaintiffs would prevail at trial. The administrative exemption is an inherently subjective and fact-specific standard that makes any outcome uncertain. An appeal of any verdict favorable to Plaintiffs could further risk or delay receipt of any proceeds from the litigation. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

Over the last two years, there has been more than sufficient investigation and exchange of information to allow counsel and the Court to act intelligently in this matter. The parties exchanged voluminous amounts of information through extensive discovery and depositions. In agreeing upon the proposed settlement, the parties had an abundance of information and conducted an extensive investigation to allow them to make an educated and informed analysis and conclusion.

Plaintiffs' probability of success on the merits and the uncertainty of the amount they may have recovered, based on the number of overtime hours they could prove and whether damages would be calculated at half-time or time-and-a-half, the statute

of limitations based upon whether there was willfulness, and the issue of liquated damages further suggest that this settlement is fair and appropriate. As noted previously, Plaintiffs assert that Defendant did not pay them overtime compensation to which they were entitled. Defendant maintains that Plaintiffs were properly classified as exempt and were paid all wages owed to them. In addition to the risks associated with exemption issues, the range of possible recovery by Plaintiffs is also open to dispute based on the proof of hours worked and method of calculating damages, as well as the applicable statute of limitations and availability of liquidated damages. Even if Plaintiffs succeed on the merits of their claims, which would require substantial additional time and exercise of resources by both parties, the exact amount of their recovery is uncertain.

In addition to the class settlement amount, Defendant has also agreed to pay service awards of Two Thousand and Five Hundred Dollars and no/cents ($2,500.00) to each Representative Plaintiff for the total amount of Twenty Thousand Dollars ($20,000.00). All Representative Plaintiffs were actively involved in this case at all times. They were involved in voluminous discovery, including review of documents and involvement in production of documents and discovery disputes. The Representative Plaintiffs also participated in a lengthy mediation and were involved in the settlement negotiations between counsel. Courts will routinely approve service/incentive awards to named class plaintiffs for the services they provided

during the case and the risks they endured. *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1218-19 (S.D. Fla. 2006), *citing Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001).

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. *See Helms*, 2006 U.S. Dist. LEXIS 92994, at *6-7.

In *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009), the Honorable Gregory A. Presnell held: "In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Id.* at 1228. Judge Presnell maintained that if the matter of attorney fees "[is] addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id. See also e.g. Cooney v. Collegiate Prep Realty, LLC*, 2018 U.S. Dist. 174294

*(M.D. Fla. September 21, 2018); Buntin v. Square Foot Mgmt. Co., LLC,* 2015 U.S. Dist. LEXIS 68287 *(M.D. Fla. May 27, 2015);Sexton v. Macro,* 2016 U.S. Dist. LEXIS 77892 (M.D. Fla. June 10, 2016).

In the instant case, the attorneys' fees were agreed upon separately and without regard to the amount paid to the plaintiffs. In addition, the recovery of plaintiffs was not compromised in any way by the amount paid in attorney's fees and costs. Also, given the complexity of the case and the tenacity of the defense, counsel for the parties agree that the amount of attorneys' fees and costs recovered by Plaintiffs' counsel for this litigation spanning over two years is just and reasonable.

Accordingly, because the settlement is reasonable on its face and Plaintiffs' recovery was not adversely affected by the amount of the fees paid to their attorney, the Court should approve the settlement.

## **CONCLUSION**

The FLSA settlement terms are fair, reasonable and adequate. Accordingly:

1. The Parties request that, upon a finding that the Settlement Agreement is fair, the Court issue an Order dismissing the case without prejudice and retaining jurisdiction for entry of a final order of dismissal, with prejudice, as noted below.

2. Upon completion of the notice and release provisions of the settlement, the Parties will file a Joint Motion for Dismissal, with prejudice, of the claims of those Representative Plaintiffs and Opt-In Plaintiffs who have signed and timely returned

release forms. The parties will submit a proposed order for dismissal with prejudice of those individuals, listing the Representative Plaintiffs and Opt-In Plaintiffs that have released their claims.

3. Finally, the Parties request that the Court retain jurisdiction for enforcement of the Settlement Agreement. Appropriate language will be included in the proposed order dismissing specific claims with prejudice.

Respectfully submitted on this 17th day of May, 2021.

| | |
|---|---|
| LYTLE & BARSZCZ, P.A.<br>533 Versailles Drive<br>2nd Floor<br>Maitland, FL  32751<br>Telephone: (407) 622-6544<br>Facsimile: (407) 622-6545 | WILSON TURNER KOSMO LLP,<br>402 West Broadway<br>Suite 1600<br>San Diego, CA 92101<br>Telephone: (619) 236-9600<br>Facsimile: (619) 236-9669 |
| By:/s/ Mary E. Lytle<br>    Mary E. Lytle, Esq.<br>    Florida Bar No. 0007950<br>    mlytle@lblaw.attorney<br><br>    David V. Barszcz, Esq.<br>    Florida Bar No. 750581<br>    dbarszcz@lblaw.attorney<br><br>    Attorneys for Plaintiffs | By:/s/ Robin A. Wofford<br>    Robin A. Wofford, Esq.<br>    California Bar No.  137919<br>    rwofford@wilsonturnerkosmo.com<br><br>    Lois M. Kosch, Esq.<br>    California Bar No.  131859<br>    lkosch@wilsonturnerkosmo.com<br><br>    Katherine M. McCray, Esq.<br>    Florida Bar No. 1017606<br>    California Bar No. 243500<br>    kmccray@wilsonturnerkosmo.com<br><br>    Michaela P. Delacruz, Esq.,<br>    California Bar No. 292724<br>    mdelacruz@wilsonturnerkosmo.com, |

        Meryl C. Maneker, Esq.,
        California Bar No. 188342
        mmaneker@wilsonturnerkosmo.com

        Hang Alexandra Do, Esq.
        California Bar No. 305839
        hdo@wilsonturnerkosmo.com

and

SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO LLP,
201 Alhambra Circle,
Ste. 1205,
Coral Gables, FL 33134
Telephone: (305) 377-1000
Facsimile: (855) 327-0391

By:*/s/ Chad K. Lang*
    Chad K. Lang, Esq.
    Florida Bar No.: 156922
    clang@smgqlaw.com

    Attorneys for Defendant